Harold W. CRUMP, Plaintiff-Appellee,

v.

CLARK EQUIPMENT COMPANY, Defendant-Appellant,

The Travelers Life Insurance Company, Intervenor-Appellee.

No. 73-1029.

United States Court of Appeals, Fifth Circuit.

July 5, 1973.

Rehearing Denied July 26, 1973.

**668**

Geo. A. Weller, Beaumont, Tex., for defendant-appellant.

March H. Coffield, Joe H. Tonahill, Jasper, Tex., for plaintiff-appellee.

John G. Bissell, Pike Powers, Jr., Beaumont, Tex., for intervenor-appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and DYER, Circuit Judges.

PER CURIAM:

This is a Texas diversity products-liability case in which Crump, an employee of Texaco, sued Clark Equipment Company for injuries sustained when the ladder leading up the side of a hyster-type equipment mover failed as Crump was ascending the ladder to get to the operator's elevated seat. By appropriate special questions, F.R.Civ.P. 49(a), the jury found the cause of the unladder-worthiness was a defective weld which had existed from the time of its manufacture some nine years earlier and which had not been brought about solely by conditions of operation by Texaco.

Although the evidence was not overwhelming, we think it was sufficient, both in its direct and circumstantial form, to furnish an adequate basis for conclusions from competent metallurgical experts on the origin and duration of the defective weld, and the operational relationship between those earlier occurrences and the failure nine years later. In a one-time occurrence under circumstances that pose no new problems or critical legal issues as Texas looks upon products-liability, no good would be served by any delineation of facts which were so well and hard fought out before the jury who were properly instructed, and who returned an articulate verdict with the precision so well made possible by F.R.Civ.P. 49(a). The other points urged reflect either no error (such as on the burden of proof) or any substantial harm.

Once again the jury resolved it. There it should, and does, end.

Affirmed.